

# Notice of Service of Process

null / ALL
Transmittal Number: 19858097
Date Processed: 05/28/2019

| | |
|---|---|
| Primary Contact: | Brandon Vonck<br>DCI Marketing Inc.<br>2727 W Good Hope Rd<br>Milwaukee, WI 53209-2048 |
| Entity: | DCI Marketing, Inc.<br>Entity ID Number 3271651 |
| Entity Served: | DCI Marketing, Inc. |
| Title of Action: | Chadwell Holt vs. DCI Marketing, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Labor / Employment |
| Court/Agency: | Milwaukee County Circuit Court, WI |
| Case/Reference No: | 2019CV003327 |
| Jurisdiction Served: | Wisconsin |
| Date Served on CSC: | 05/24/2019 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Douglas J. Carroll, Jr.<br>262-955-2700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

EXHIBIT
A

FILED
04-26-2019
John Barrett
Clerk of Circuit Court
2019CV003327
Honorable William S.
Pocan-26
Branch 26

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE COUNTY**

CHADWELL HOLT
1408 Figuers Dr.
Franklin, TN 37064

PROCESS SERVER _____
TIME 9:34 (AM)/PM  DATE 5/24/19
( ) PERSONAL    ( ) SUBSTITUTE
( ) POSTED      ( ) CORPORATE

             Plaintiff,

Case No. :
Case Code: 30303

vs.

DCI MARKETING, INC.
2727 West Good Hope Rd.
Milwaukee, WI 53209

             Defendant.

## SUMMONS

**THE STATE OF WISCONSIN,**

To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action. Within twenty (20) days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is 901 North 9th Street, Milwaukee, WI 53233, and to

Douglas J. Carroll, Jr., Plaintiff's attorney, whose address is 333 Bishop's Way, Suite 118, Brookfield, WI 53005. You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated on this 26th day of April, 2019.

**CARROLL LAW FIRM, SC**
Attorneys for the Plaintiff

By: _____
Douglas J. Carroll, Jr.
SBN: 1066108
333 Bishop's Way
Suite 118
Brookfield, WI 53005
(262) 955-2700
(262) 290-2728 (FAX)
djc@carrolllawfirmsc.com

Page - 2

FILED
04-26-2019
John Barrett
Clerk of Circuit Court
2019CV003327
Honorable William S.
Pocan-26
Branch 26

STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY

---

CHADWELL HOLT

        Plaintiff,

vs.

DCI MARKETING, INC.

        Defendants.

Case No. :
Case Code: 30303

---

## COMPLAINT

**NOW COMES** the Plaintiff, Chadwell Holt, by and through his attorneys, Carroll Law Firm S.C., and as and for his Complaint against the above-named defendant, alleges as follows:

### I. THE PARTIES

1. The plaintiff, Chadwell Holt ("Holt"), is an adult resident of the State of Tennessee whose residence is located at 1408 Figuers Dr., Franklin, TN, 37064.

2. The defendant, DCI Marketing, Inc., ("DCI"), is a Wisconsin Corporation organized and existing under Chapter 180 of the Wisconsin Statutes and doing substantial and not isolated business within the State of Wisconsin, County of Milwaukee, with a principal place of business located at 2727 W. Good Hope Road, Milwaukee, WI 53209.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this State pursuant to Wis. Stat. § 801.05(1)(d) as DCI is engaged in substantial and not isolated business within the State of Wisconsin.

4. Venue is proper in this State, County of Milwaukee, pursuant to Wis. Stat. § 801.50(2)(a) and (c), as Milwaukee County is the county out of which the claim arose and DCI does substantial business within Milwaukee County.

## III. GENERAL ALLEGATIONS

5. On or about, April 24, 2017, DCI and Holt entered into a contract entitled "Independent Contractor Agreement," ("Contract") a genuine copy of which is attached hereto and incorporated herein as Exhibit 1.

6. Pursuant to the Contract, Mr. Holt was to perform services for DCI with respect to its contract with Nissan Motor Acceptance Corporation.

7. The Contract provided that its term would be from April 27, 2017 through the end of December 2017 or completion of its contract with Nissan, whichever came latter.

8. In performing services for DCI under the Contract, Holt was given the title Senior Project Manager.

9. Holt reported directly to Mr. Corey Cox, an employee of DCI with the title of General Manager until Mr. Cox' termination and then to Deanna Farmer an employee of DCI with the title of Project Manager up until termination of Mr. Holt.

10. DCI in general and Mr. Cox in particular maintained significant control over the means, manner, mode and method of Mr. Holt's performance of the duties required of him under the Contract.

2

11. DCI maintained financial control over the relationship between it and Holt.

12. The Contract provided that DCI would pay Holt $52 per hour for his work.

13. The Contract did not place any limit on the number of hours that Mr. Holt could work in performance of the Contract.

14. Nevertheless, Mr. Cox advised Mr. Holt that DCI would not pay him for hours worked in excess of 40-42 per week.

15. In order to meet deadlines imposed by DCI, Mr. Holt was often regularly required to work in excess of 60 hours per week.

16. DCI suffered or permitted Mr. Holt to work in excess of 40 hours per week.

17. Despite contrary language in the Contract, it was administered and performed such that Holt was an employee of DCI rather than an independent contractor.

18. DCI terminated the contract with Mr. Holt on or about October 12, 2017.

19. In terminating its contract with Mr. Holt, DCI either failed to allege a material breach of the contract and provide Mr. Holt with notice of the breach and right to cure the breach as required by the Contract or failed to provide Mr. Holt with 30 days prior written notice of termination as required by the Contract.

## IV. LEGAL CLAIMS

### FIRST CAUSE OF ACTION – VIOLATION OF CHAPTER 109 OF THE WISCONSIN STATUTES

20.　Holt hereby incorporates paragraphs 1 through 19 as if fully set forth herein.

21.　At all times material hereto, Holt was an employee as defined in Chapters 103 and 109 of the Wisconsin Statutes.

22. At all times material hereto, DCI was an employer ad defined in Chapters 103 and 109 of the Wisconsin Statutes.

23. DCI failed and refused to pay Holt for all hour worked pursuant to the Contract.

24. DCI failed and refused to pay Holt overtime pay for all hours worked over 40 in a workweek for his services.

## SECOND CAUSE OF ACTION – VIOLATION OF THE FAIR LABOR STANDARDS ACT § 29 USC 201-219

25. Holt hereby incorporates paragraphs 1 through 24 as if fully set forth herein.

26. At all times material hereto, Holt was an employee of DCI as that term is defined in the Fair Labor Standards Act.

27. At all times material hereto, DCI was an employer as defined in the Fair Labor Standards Act.

28. DCI failed and refused to pay Holt overtime (time and one-half) for all hours worked over 40 per workweek for his services performed.

## THIRD CAUSE OF ACTION – BREACH OF CONTRACT

29. DCI has breached its contract with Holt by failing to pay him for all hours worked pursuant to the Contract.

30. DCI has breached its contract with Holt by terminating the Contract in violation of the terms thereof.

31. Holt has suffered damages as a result of DCI's breach of the Contract.

## FOURTH CAUSE OF ACTION – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

32. Holt hereby incorporates paragraphs 1 through 27 as if fully set forth herein.

4

33. DCI had and continues to have an implied covenant of good faith and fair dealing with respect to its Contract with Holt.

34. DCI has intentionally, willfully and wantonly breached its duty of good faith and fair dealing with respect to its actions in terminating the Contract and its actions in failing and refusing to provide Holt the compensation as provided in the Contract.

## FIFTH CAUSE OF ACTION – QUANTUM MERUIT

35. Holt hereby incorporates paragraphs 1 through 34 as if fully set forth herein.

36. DCI requested that Holt perform services.

37. Holt performed such services for DCI.

38. The services Holt performed for DCI were valuable.

39. DCI has not paid Holt for all services performed.

## SIXTH CAUSE OF ACTION – UNJUST ENRICHMENT

40. Holt hereby incorporates paragraphs 1 through 39 as if fully set forth herein.

41. Holt conferred a benefit upon DCI.

42. DCI appreciated such benefit.

43. DCI accepted and retained such benefit under circumstances wherein it is inequitable for it to be allowed to retain such benefit without payment for the value thereof.

## SEVENTH CAUSE OF ACTION – PROMISSORY ESTOPPEL

44. Holt hereby incorporates paragraphs 1 through 44 as if fully set forth herein.

45. DCI promised to pay Holt for his services.

46. DCI's promise was intended to and actually did induce Holt to perform services for DCI.

47.  Injustice can only be avoided by enforcing DCI's promiser to pay for the services he provided.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands Judgment against the Defendants as follows:

A.  That a Judgment be entered in favor of Plaintiff and against Defendant for Breach of Contract, Breach of Duty of Good Faith and Fair Dealing, Quantum Meruit, Unjust Enrichment, Promissory Estoppel and failure to pay wages due, failure to pay overtime due and owing in violation of CH 109, Wis. Stats. and the Fair Labor Standards Act ;

B.  That Plaintiff be awarded monetary damages including but not limited to contractual damages, consequential damages, compensatory damages, liquidated damages, and punitive damages in an amount to be determined at trial;

C.  That Plaintiff be awarded unpaid wages together with increased wages in the amount of 50% of the unpaid wages pursuant to §109.11, Wis. Stats. and the Fair Labor Standards Act;

D.  That Plaintiff be awarded his actual reasonable attorney's fees, costs and expenses pursuant to the Fair Labor Standards Act and CH 109, Wis. Stats.;

E.  That Plaintiff be awarded statutory fees and costs;

F.  That the Court grant such further relief as the Court deems just, equitable and proper.

## JURY TRIAL DEMANDED

Plaintiff, requests a jury trial on all questions of fact raised by this complaint.

Dated on this 26th day of April, 2019.

**CARROLL LAW FIRM, SC**
Attorneys for the Plaintiff

By: _____
Douglas J. Carroll, Jr.
SBN: 1066108
333 Bishop's Way
Suite 118
Brookfield, WI 53005
(262) 955-2700
(262) 290-2728 (FAX)
djc@carrolllawfirmsc.com

7